IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL ROBERT WHITE | § | |
| VS. | § | CIVIL ACTION NO. 1:15cv113 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Daniel Robert White, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence. The Court referred the matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the motion to vacate, set aside or correct sentence be dismissed without prejudice as successive.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation, as well as amended objections (docket entries 5 and 8).[1]

The Court has conducted a *de novo* review of the objections in light of the applicable law and the record in this matter. After careful consideration, the Court is of the opinion the objections are without merit. The Magistrate Judge's conclusion that the motion to vacate is successive was based on the fact that a prior motion to vacate filed by movant was dismissed as time-barred. This conclusion is correct. Movant was convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The conviction was

---

[1] Docket entries 6 and 10 are also objections. However, these documents are copies of docket entries 5 and 8, respectively. In addition, petitioner has filed two motions (docket entries 7 and 9) seeking leave to amend his motion to vacate. Docket entry 9 is a copy of docket entry 7. Movant's motions to amend are **GRANTED**. The additional information movant wants the court to consider is contained in the amended objections referenced in the text above.

based on movant's possession of a 12-guage shotgun. In his current motion to vacate, movant asserts his conviction is invalid because possession of a shotgun is not barred by Section 922(g)(1). This ground for review, which is not based on a recent court decision or newly discovered facts, could have been raised when movant filed his initial motion to vacate. As a result, the current motion to vacate is successive even though the initial motion to vacate was dismissed as time-barred rather than on the merits. *In re Flowers*, 595 F.3d 204 (5th Cir. 2009).

Movant also asserts that as he is asserting he is actually innocent of the crime for which he was convicted, he should be permitted to proceed under the Supreme Court's decision in *McQuiggin v. Perkins,* 133 S. Ct. 1019 (2013). In *McQuiggin*, the Supreme Court held that a prisoner filing a first-time federal petition for collateral relief could avoid the one-year statute of limitations based upon a showing of actual innocence. *Id*. at 1928. However, while *McQuiggin* permits an untimely first-time applicant for collateral relief to avoid the statute of limitations, it does not permit an applicant for collateral relief to bypass the statutory constraints on filing a second motion to vacate. *In re Warren*, 537 F. App'x 457, 458 (5th Cir. 2013).

## ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered dismissing this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the

questions presented are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his motion to vacate is successive is subject to debate among jurists of reason. In addition, the questions presented in the motion to vacate are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED** this **1** day of **December, 2015.**

_____
Ron Clark, United States District Judge